IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUMINTRIUS DAMOUT GUNN,<br><br>  Plaintiff,<br><br>  v.<br><br>STANTON CORRECTIONAL FACILITY, et al.,<br><br>  Defendants. | No. 2:21-CV-0569-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) the Stanton Correctional Facility in Fairfield, California; (2) the Solano County Sheriff's Office; (3) the Solano County Coroner's Office, and (4) Ramirez, a sergeant at the Stanton Correctional Facility.  See ECF No. 1, pg. 2.  Plaintiff presents three claims, as follows:

### CLAIM I

I am hereby suing Stanton Correctional Facility.  The Facility did deny my medical/services.  During many request slip was sent to the medical division for the medical treatment that was needed on a scale out of 0-10 ten is my severe pain.  I'm suing for $3 million dollars.  I exhausted my administrative remedies from the lowest to highest level.  $3,000,000.

### CLAIM II

I'm hereby suing Solano County Sheriff's Office.  They did not take my grievance form seriously.  I was denied my rights to going out of the facility for a better medical treatment.  I was denied from the lowest to the highest level.  I want to go to Plan Parenthood to the clinic for a shot and two pills to cure my STD.  The medical treatment has not been helping me.  They gave me the wrong medicine for two weeks.  I'm suing for $3,000,000 $three million dollars.

### CLAIM III

I'm hereby suing Solano County Sheriff-Coroner's Office because to my and your attention my issue is wanting medical service.  My concerns regarding my medical health care.  I requested on a slip to go to the clinic or Plan Parenthood.  The medicine the provider two week in a row didn't cure my treatment.  I asked multiple times can I be taken to the Plan Parenthood or the clinic to get cured.  The facility shouldn't have gave me medication that didn't cure my issue.  I'm suing for $three million dollars to all matter.  All together I'm asking for 9 million dollars to be exact.  I

///

exhaust all my administrative remedies from the lowest to highest. On a scale of 0-10 10 is my severe pain.

Id. at 3, 4, 5.

## II. DISCUSSION

Plaintiff's claims are all defective. First, Plaintiff's claims against the municipal defendants – the Stanton Correctional Facility, the Solano County Sheriff's Office, and the Solano County Coroner's Office – fail because Plaintiff has not alleged a custom or policy implemented by any of these entities which resulted in the alleged denial of medical care. Second, Plaintiff has not included any allegations specific to the individual defendant – Sgt. Ramirez – to link that defendant to the alleged denial of medical care. Third, in the merits of Plaintiff's medical care claim, it appears based on the facts alleged that Plaintiff was in fact provided treatment and that Plaintiff has a difference of opinion as to the appropriateness of the medication provided and/or Plaintiff's claim is one for negligence, neither of which theories are cognizable under § 1983.

### A.   The Merits of Plaintiff's Medical Care Claim

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

1    inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison
2    official must have a "sufficiently culpable mind."  See id.
3           Deliberate indifference to a prisoner's serious illness or injury, or risks of serious
4    injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105;
5    see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health
6    needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is
7    sufficiently serious if the failure to treat a prisoner's condition could result in further significant
8    injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d
9    1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).
10   Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition
11   is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily
12   activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See
13   Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).
14          The requirement of deliberate indifference is less stringent in medical needs cases
15   than in other Eighth Amendment contexts because the responsibility to provide inmates with
16   medical care does not generally conflict with competing penological concerns.  See McGuckin,
17   974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to
18   decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
19   1989).  The complete denial of medical attention may constitute deliberate indifference.  See
20   Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical
21   treatment, or interference with medical treatment, may also constitute deliberate indifference.  See
22   Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate
23   that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.
24          Negligence in diagnosing or treating a medical condition does not, however, give
25   rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a
26   difference of opinion between the prisoner and medical providers concerning the appropriate
27   course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,
28   90 F.3d 330, 332 (9th Cir. 1996).

Here, it appears Plaintiff is complaining that he was not provided adequate medication to treat a STD.  It is clear from the complaint that Plaintiff was treated at the jail and provided some medication.  Plaintiff alleges this medication was "wrong" and did not "cure" his medical issue.  To the extent Plaintiff disagrees with the treatment provided, he cannot state a claim under § 1983.  Further, to the extent Plaintiff believes he was mistreated, he also cannot state a claim under § 1983.  Plaintiff will be provided an opportunity to amend in order to further elaborate on his claim.

### B.     Municipal Defendants

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties and municipal government officials are also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality.  See id.  A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

Plaintiff sues three municipal defendants.  Plaintiff does not, however, allege that any municipal defendant implemented a policy or custom which resulted in denial of adequate medical care.  To the extent he can do so, Plaintiff will be provided an opportunity to amend.

/ / /

/ / /

/ / /

/ / /

### C. **Individual Defendant**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff has named one individual defendant – Sgt. Ramirez – but has not included any allegations describing this individual's conduct or how Sgt. Ramirez participated in a deprivation of Plaintiff's constitutional rights. Again, Plaintiff will be provided an opportunity to amend his allegations with respect to Sgt. Ramirez.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

6

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: August 9, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE